IN THE MATTER OF DAVID R. RYERS AND OTHERS, COMMIS-
SIONERS, ETC., FOR AUDIT OF ACCOUNTS.

*County judge — when interested, may request judge from another county to hold court.*

APPEAL from an order of the County Court of Richmond county, auditing and confirming the accounts of certain drainage commissioners, appointed under chapter 888 of the Laws of 1869, amending the Revised Statutes in relation to drainage lands.

The court at General Term said : "There was no error committed in the reception or exclusion of evidence, and none is complained of by the appellants. No complaint is made of any want of notice, nor of any irregularity in the proceedings, nor that the proceedings were not conducted in precise accordance with the requirements of the law. There is, however, a question of law raised by this appeal which has relation to the organization of the court which made the order appealed from. The county judge of Richmond county was disqualified from acting by reason of interest, and he made an order request-

ing the county judge of Kings county to hold the court at which these proceedings were had, and an objection is now made that this was irregular, and that the county judge of Kings county could not preside at the court. The objection is, that the county judge of Richmond county, being interested in the lands proposed to be drained, cannot designate the county judge who shall preside at the court which investigates these accounts. If this objection is well taken then the court was not properly constituted, and the order appealed from is not valid. By section 20 of the amendment of 1871 (chap. 303), it was enacted that : 'In case the county judge of any county where such proceedings are, or shall heretofore be, pending shall be personally interested in such proceedings, it shall be his duty to require the county judge of some other county to hold County Courts for the purpose of this act.' Again, the amended judiciary article in our present State Constitution provides : ' The county judge of any county may preside at Courts of Session or hold County Courts in any other county, except New York and Kings, when requested by the judge of such other county.' It will be seen by these provisions that a county judge of one county may preside at County Courts and Courts of Sessions in any other county in the State, except New York and Kings counties, but that he can only do so at the request of the county judge in whose county he is to preside. No disability is imposed upon a county judge who is interested in a matter to be investigated or adjudicated, which prevents him from calling another county judge to preside in his stead in such a case, for the very obvious reason that such interest will, in a very great majority of instances, be the sole and only cause for his making such a call ; and, as there is no provision for making such requisition in any other way, or by any other person than the county judge, it would follow that no call could be made in any case where the county judge was interested, if the construction contended for by the appellant is the correct one. Whereas it will happen in practice that these are mostly the cases in which it is desirable such call shall be made. Besides, there is no reasonable objection to such a course. The county judge called will stand indifferent, though the one calling him does not, and the ends of justice will be accomplished by thus setting up an indifferent judge. The foregoing reasons satisfy us that the objection is not well taken. There are no other ques-

tions raised by this appeal, and the order appealed from must be affirmed, with costs."

*George P. Avery,* for the appellants.   *George J. Greenfield,* for the commissioners, respondents.

Opinion by DYKMAN, J.

BARNARD, P. J., and GILBERT, J., concurred.

Order affirmed, with costs and disbursements.